*724
 
 LaROSE, Judge.
 

 Paula Palumbo appeals and Jay Butler cross-appeals the final judgment dissolving their eleven-year marriage. We reverse, in part, because the trial court erred in including gifts from Mr. Butler’s mother in his income for purposes of calculating child support.
 

 Historically, each of the parties’ two minor children has received an $11,000 annual gift from Mr. Butler’s mother for their education. The trial court added $22,000 per year to Mr. Butler’s income to calculate his child support obligation. The trial court reasoned that these gifts were regular and would continue. Mr. Butler, however, does not control his mother’s largesse. His mother testified that she anticipated making future gifts, depending on the economy, her health, and her family needs. In past years, she gave the children’s money directly to Mr. Butler, earmarking it for school tuition. But, well before the final hearing, she began paying the school directly.
 

 On the record before us, Ms. Palumbo properly concedes that the anticipated gifts should not have been included in Mr. Butler’s income.
 
 See, e.g., Oluwek v. Oluwek,
 
 2 So.3d 1088, 1039 (Fla. 2d DCA 2009) (holding trial court may not impute income based on gifts unless gifts are continuing and not sporadic). We reverse and remand for the trial court to recalculate child support.
 

 We affirm on all remaining issues without further discussion.
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and WALLACE, JJ„ Concur.